## CARVER ET AL. *v.* FORRY ET AL.

[No. 18,789. Filed February 6, 1902.]

BILLS AND NOTES.—*Plea of Payment.—Burden of Proof.*—Where the defendant in an action on a promissory note pleads payment, the burden is upon him to establish his plea by a preponderance of the evidence. *pp. 77, 78.*

APPEAL AND ERROR.—*Evidence.*—To justify the Supreme Court in disturbing a judgment of the trial court on the evidence alone it must appear that the evidence is such as to present for decision a question of law on some material issue, and that such question, under the judgment of the trial court, was decided erroneously. *pp. 78-81.*

From Madison Circuit Court; *J. F. McClure,* Judge.

Action by Charles T. Doxey against David K. Carver and others on a promissory note. From a judgment for plaintiff, defendants appeal. After the rendition of the judgment Charles T. Doxey died and his executors and legatees were made party appellees. *Affirmed.*

*F. A. Walker* and *F. P. Foster,* for appellants.
*J. W. Lovett* and *F. E. Holloway,* for appellees.

JORDAN, C. J.—This appeal is prosecuted to reverse a judgment recovered in the lower court by Charles T. Doxey

against David K. Carver and his co-appellants. After the rendition of the judgment, Doxey died testate, and the executors of his will and all of the legatees were made party appellees herein. The action was instituted in the lower court on June 6, 1896, to recover a personal judgment against appellant David K. Carver on a promissory note executed by him to said Doxey on January 18, 1888, for the sum of $5,000, bearing interest at eight per cent. per annum, due and payable five years after date, and to foreclose, as against all of the defendants, a mortgage executed by David K. Carver and Mary Carver, his wife, to secure the payment of the note in suit. David K. Carver filed an answer in three paragraphs. The first was a denial, the second pleaded payment of the note, and the third set up matter as a counterclaim. Mary Carver and other defendants filed answers. On the issues joined the cause was submitted to the court for trial, and after hearing the evidence there was a finding in favor of plaintiff on his complaint, and against Carver and wife on the issues tendered by them in their separate answers. The complaint conceded that the ten coupon interest notes which had been executed for the interest of the principal note of $5,000 had been paid, and sought only to recover the face of the principal note, together with the accrued interest thereon and attorney's fees. The trial court found that there was due on the note in suit, principal and interest, $6,394.27, and the further sum of $225 as attorney's fees, making a total due to plaintiff of $6,619.27, and, over the separate motions of Carver and wife for a new trial, rendered judgment for that amount, and decreed a foreclosure of the mortgage. The only complaining party in this appeal is David K. Carver, and the error which he assigns relates to the action of the court in denying his separate motion for a new trial. The single question discussed by his counsel is in respect to the alleged insufficiency of the evidence to support the finding and judgment of the court. Or, in other words, it is contended

that there should have been a finding in his favor under the evidence on the issue of payment. There is no controversy under the evidence in respect to the plaintiff's right to recover on his complaint in the event the note in question is not shown to have been paid before the beginning of the action. The burden of the issue of payment as tendered by the separate answer of appellant Carver was cast upon him, and in order to make his plea available he was required to establish it by a preponderance of evidence.

We have read and considered the evidence as exhibited by the record, and find that there is evidence disclosing the following facts: On January 18, 1888, appellant Carver borrowed of Charles T. Doxey $5,000, and executed the note in suit. Ten coupon interest notes, in payment of the interest accruing on the principal note to the time of its maturity, were also executed, all of which were secured by the mortgage in suit. At the time Carver borrowed the $5,000 he also appears to have secured a further loan from Doxey to the amount of $4,000, for $3,000 of which he executed a note due in five years, bearing interest at eight per cent. Payments seem to have been made on these notes from time to time to Edwin Schlater, the private secretary of Mr. Doxey, and there is evidence to show that Schlater gave proper credits for the payments so made. Some time during the first part of 1894 Schlater died, but before his death it appears that the loans of $3,000 and $1,000, as heretofore mentioned, had been fully paid. After the death of Schlater, Horace C. Stilwell succeeded him as Doxey's secretary, assuming the duties of his employment on June 1, 1894. Soon after becoming installed in his position he notified appellant by letter that he was in default in the payment of the interest which had accrued on the $5,000 note after its maturity, and also in the interest coupon notes. Appellant does not deny that he received this notice. Some time after giving this notice, Stilwell, it seems, sent him several other notices in regard to the same matter. In

September, 1895, after the lapse of a year and over from the time Stilwell first notified him of his arrearages on the mortgage indebtedness, it is disclosed that he came to Mr. Doxey's office, in Anderson, for the purpose of securing a release of the mortgage in suit from ten acres of the premises upon his paying $1,000 on the debt. Doxey, it seems, was not present at this time, and appellant Carver made the proposition to his secretary, Mr. Stilwell. The latter testified that at this time he went to the safe and got the notes, made a calculation, and found that the unpaid interest amounted to about $1,500, and then informed appellant that, if he would pay this interest and some "back interest", he would advise Doxey to release the ten acres from the mortgage lien. Appellant then stated that he could not pay that amount; that the $1,000 was all the money that he was able to raise; that he had been endeavoring to secure enough to pay the loan, but had failed to do so. Stilwell then advised him to see Doxey. He left the office, as the evidence discloses, and returned on the first day of October following. On his second visit Doxey was present at the office, and was informed by his secretary what appellant desired, and he directed the secretary to get out the notes, make a calculation of the amount due and unpaid as interest on the $5,000 note. After making this calculation in the presence of both Doxey and appellant, Stilwell made an itemized written statement of all the interest due and unpaid at that time, which included two of the coupon interest notes then over-due,—they bearing interest after maturity, —and also included the interest which had accrued on the principal note of $5,000 after its maturity; and the total amount of interest then due and unpaid, as disclosed by the statement, was $1,614.10. Appellant, after the statement was read over to him, inquired of Stilwell if he had compounded the interest, and was informed that he had not; that the interest as computed was "straight interest." He seems to have made no objection to the statement in respect

to the interest, and made no claim that either it or the principal note had been previously paid. After having some further conversation on this occasion with Doxey, the latter agreed to release the mortgage lien on the ten acres as requested by appellant on the payment of $1,000. This amount was thereupon paid, and it is shown to have been applied in payment of the amount due on the two coupon notes; and the latter were canceled as paid, and the residue thereof was applied on the interest which had accrued on the principal note after its maturity on January 18, 1893. The court's finding is of date December 23, 1897. Computing the interest at eight per cent. on the principal from the time of its maturity to the date of the court's finding, and deducting therefrom the part of the $1,000 which was given as a credit thereon, and combining the remainder with the principal of $5,000, and adding thereto the amount of $225 allowed as attorney's fees, the total amount substantially coincides with the judgment rendered by the trial court. Appellant does not claim that he made other payments after the $1,000 was paid, at the time heretofore stated, but the contention seems to be that he was not credited with all the payments which he made to Schlater, Doxey's deceased secretary, prior to the time the statement of his indebtedness was made by Stilwell, as heretofore stated. The statement of the interest or indebtedness as made by the latter, and exhibited and read over to appellant, is not contradicted. While on the witness stand he virtually admitted that Schlater had given him credit for all amounts which had been received by Doxey on certain notes known as the "Jones notes," which notes, as it appears, had been turned over to Doxey with the agreement that he was to apply the money paid thereon to the indebtedness, which originally amounted to $9,000. An examination of the evidence given by appellant in support of his plea of payment, to say the least, discloses that it is vague or uncertain, and, to an extent, his testimony is self-contradictory or conflict-

ing; and, under the circumstances, it was the province of the trial court to determine its weight or .credibility. Aside from its uncertain and conflicting character, there is also evidence in behalf of the plaintiff which the trial court may have considered, and properly so, as tending to rebut that given by appellant on the issue of payment. Counsel for appellees in their argument insist that his failure to dispute or in any manner urge any objections against the statement of his indebtedness which existed on October 1, 1895, as shown by the written statement made and exhibited to him by Stilwell, may be taken and considered as his tacit admission that such statement was correct. Were this court, under the circumstances, to affirm that the trial court was not justified in finding against appellant on the issue in question, in so doing it would be compelled to weigh the evidence and determine on which side is the preponderance. It would also have to decide what credibility the lower court ought to have given to each particular witness who testified in regard to the issue of payment. This, under a familiar and well settled rule of appellate procedure, it is not permitted to do. In order to justify this court in disturbing a judgment of a trial court in any case or proceeding on the evidence alone, it must appear that the evidence is such as to raise or present for decision a question of law on some material issue, and that such question, under the judgment of the trial court, was decided erroneously. *Mead* v. *Burk,* 156 Ind. 577; *Lee* v. *State,* 156 Ind. 541.

Certainly, appellant, under the circumstances, can not assert that there is no evidence to warrant the finding or judgment of the court on the issue in controversy.

Judgment affirmed.