BADER, Administrator of the Estate of Huffman, Appellant, v. SCHULT & COMPANY, Respondent.

St. Louis Court of Appeals, April 10, 1906.

1. **EVIDENCE: Books of Account.** In an action by the administrator of one deceased, on an open account, where the evidence showed that some of the entries on the decedent's books were made at the time of the sales, that the entries were made in the usual course of business at the dates of the sale, according to custom of the decedent and in the decedent's handwriting, the books were properly admitted in evidence as books of original entry.

2. **PRACTICE: Reference: Waiving Answer.** In an action on an open account, after the defendant had been given until the following term to answer, the court ordered a reference and the referee proceeded to take testimony before the answer was filed. The plaintiff did not object to the reference not to the taking of testimony by the referee, but objected to taking any testimony on behalf of the *defendant*, though he had been informed by defendant what his answer would be. *Held*, in the absence of a showing that injustice resulted to the plaintiff, the taking of testimony on defendant's behalf before the answer was filed was not reversible error.

Appeal    from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Roberts & Corbett* for appellant.

(1) All the parties were in court appearing in person as well as by their attorneys, and the failure to answer on or before the third day of the trial terms of the court, or at least before he case was referred and if not then, before the referee, under the statute were considered as admitting the account to be due as set forth in or annexed to the petition, and judgment should have been rendered against the defendant for the amount thereof. Sec. 597, art. 5, Revised Statutes 1899; Gilstrap v. Railroad, 50 Mo. 491. There was no issue in the case, for under the statute an issue of fact can arise, only when a material allegation of the petition is controverted by the answer, or upon new matter in the answer controverted by the reply, or upon new matter in the reply. R. S. 1899, sec. 679, art. 7. (2) It was improper for the trial court to permit the defendant to file its answer after the report of the referee was filed, for the reason that the plaintiff was entitled to have defendant file its answer before the case was tried. Ordinarily the time of filing pleadings may rest within the sound discretion of the court, and the court may, in furtherance of this discretion, give the litigants more time than is given them by the statute: but after the trial is had, his discretion is at an end. City of St. Louis v. Lang, 131 Mo. 422, 33 S. W. 54; Carr v. Dawes, 46 Mo. App. 351. (3) While we have been unable to find a reported case exactly in point; we do find numerous reported cases, which lay down the doctrine that if a petition fails wholly to state a cause of action, it is not necessary to demur to it, but that the point can be saved by making an objection to the introduction of any evidence thereon, for the reason that the same does not state a cause of action. If this is the law relative to petitions which fail to state a cause of action, then where no answer has been filed at all by a defendant it would seem that the only thing a plaintiff could do where the trial court persisted

in having plaintiff proceed with the trial in the absence of the answer, would be to object to the introduction of any testimony on the part of the defendant, for the reason that no answer had been filed, there was no issue in the case, and there was no way by which plaintiff could be apprised of the issues he would be expected and required to meet, as was done by the plaintiff in this case. Munford v. Keet, 65 Mo. App. 502; Kansas City to use v. American Surety Co., 71 Mo. App. 322; Munford v. Keet, 71 Mo. App. 535; Keaton v. Keaton, 74 Mo. App. 178.

*Brewer & Collins* for respondent.

The books were incompetent as evidence because there was no proof or evidence tending to show that the entries therein were made contemporaneous with the transactions therein stated. Martin v. Estate of Nichols,. 54 Mo. App. 594; Drug Co. v. Grady, 57 Mo. App. 41; Anchor Milling Co. v. Walsh, 108 Mo. 277, 18 S. W. 904; Mo. E. L. & P. Co. v. Carmody, 72 Mo. App. 540.

GOODE, J.—Plaintiff is the administrator of the estate of W. H. Huffman, deceased. Huffman in his lifetime conducted a mercantile establishment in Caruthersville, Missouri, and the present action is on an account for goods sold and delivered by him to defendants, who are partners. The account is for general merchandise, the items ranging over a period from October 31, 1893, to January 27, 1900, about seven years. The account was continuous during all that time, payments having been made at different dates but without a complete settlement. At the return term of the cause the court granted defendants until the first day of the next term to file their answer. Notwithstanding this fact the court referred the cause to C. G. Shepard for an "adjudicating and accounting," with a direction to report at the next term. Neither party objected to the reference and the

case was one which might properly have been referred after the issues had been made up, if an objection had been made. The irregularity of referring it before the answer came in was waived by failure to object and by the subsequent conduct of the parties. [Keystone etc. Co. v. Worth, 117 N. C. 515.] On April 11, 1903, the referee notified the parties in writing that he would proceed to the hearing of the cause on the 27th instant and on that day both parties appeared with their counsel and proceeded with the hearing. Plaintiff introduced testimony in support of his case and to establish the different items of the account, which were gone into with much detail. When plaintiff rested and defendants undertook to put in testimony, plaintiff's counsel for the first time objected "to the introduction of testimony on the part of the defendants for the reason that no answer had been filed," and plaintiff was not apprised of the issues he had to meet. Thereupon defendants stated that the answer would be a general denial with a demand for the allowance of certain credits which they asserted had not been given on the account filed with the petition. Plaintiff was handed a list of these credits. The referee overruled the objection and proceeded with the hearing. The testimony mainly relied on to establish plaintiff's demand consisted of entries contained in the books of account used by the deceased in his business, showing merchandise sold and delivered to defendants and payments made. The credits defendants asserted they were entitled to but had not received, were principally sums of rent which had fallen due to defendants from tenants of their lands and which said tenants, by arrangement with defendants, had paid to Huffman, the deceased, at different times, with the understanding that he was to credit defendants on the books with sums thus received. A debit item of about $200 on plaintiff's account against defendants was resisted as having been improperly charged to defendants when it should have been charged to Stephen Way, and this contention was resolved in

favor of the defendants. Still another charge said by defendants to be improper was one of $400, dated January 10, 1894. The contention of defendants as to that item did not prevail. The only credit allowed which had not been allowed on Huffman's books, was one for $34.60 for rent corn delivered to Huffman by Walter Jenkins, a tenant of defendants. The referee refused to allow interest on the account prior to the time that demand was made for payment. The items of interest included in the account as filed amounted to several hundred dollars, and disallowing them and the Way charge and allowing the credit for the Jenkins' corn, reduced the amount which plaintiff was entitled to recover to $555.08; for which sum the referee, in his report to the court, recommended that judgment be given. After the report was filed defendants filed their answer; which is stated in plaintiff's brief to have been a general denial and a claim for unallowed credits. The answer has not been preserved in the record. Both sides filed exceptions to the report of the referee, and their exceptions having been overruled and judgment given according to the recommendation of the referee, both appealed.

The one point raised by defendants against the judgment is that the entries in Huffman's books of account were not competent evidence, for the reason that the entries were not shown to have been made contemporaneously with the transactions to which they related. No other objection was made to the introduction of the books. There was ample evidence to show the various charges and credits were original entries, written in the usual course of business and according to the custom of Huffman, on the dates of the different sales or transactions. Huffman's son, who clerked in the store during a portion of the period over which the account extends, testified to making many of the sales himself and entering the charges at the time the sales were made. He testified further that the other entries were in his father's handwriting; that he had seen his father make some of

them and that it was the latter's custom to make the entries in the ledger each day. There can be no doubt that the evidence to show the entries were made contemporaneously with the sales was sufficient to justify the referee in admitting the account books as competent evidence. [Anchor Milling Co. v. Walsh, 108 Mo. 277, 18 S. W. 904.]

The contention of plaintiff presents a question which has perplexed us some. Undoubtedly it was irregular for the referee to take testimony in the case before issue had been joined; that is to say, before the defendants had filed their answer. But many things may be done lawfully in the trial of a cause, if neither party objects, that would be erroneous if an objection were interposed. If plaintiff had objected to the reference or to the hearing by the referee while there was no answer in, the judgment could not stand, but no objection was made to either action. In obedience to the referee's notice, plaintiff and his counsel appeared before the referee and proceeded to put in testimony as though the cause was at issue. After all the evidence to maintain plaintiff's case had been introduced, he raised the question of no answer having been filed by objecting to the introduction of any testimony by defendants. Meanwhile considerable time had been spent in taking testimony; for it appears that the objection was not made until May 8th, to which day the referee had adjourned the cause. Now the testimony for plaintiff shows that he knew the nature of the defense that would be made; for he proved that when the account was presented for payment after administration had been granted and before the suit was brought, defendants admitted owing the estate something, but denied owing the full amount demanded and asserted that they were entitled to more credits than had been given them. It cannot be doubted that plaintiff voluntarily entered on the hearing knowing, in a general way, what he had to prove and the defense he would meet. It is stated in the referee's report, and not denied, that a list

of the credits claimed by defendants, but not shown on the account, was furnished to plaintiff with the statement that the answer would be a general denial. The only matters on which evidence was received that was not admissible, under a general denial, were the payments. It was competent under the general denial for defendants to show the Way charge was an unjust one and wrongly made against them instead of Way individually, and to defend against the interest computed on the account for a period antedating the demand for its payment. Now defendants failed to sustain any credit claimed by them except one for $34.60; and to that extent only could plaintiff have been prejudiced by the reception of evidence concerning the payments. The referee's ruling in regard to interest was palpably correct; for it is not contended that interest ran on the account before demand for payment was made. Neither is it contended that the referee erred in deciding against plaintiff as to the Way item. In fact, plaintiff does not insist that the finding of the referee on any contested matter was unjust or not supported by the evidence, but stands on the naked proposition that evidence for the defendants should not have been taken in the absence of an answer. The point is a novel one and we have found no authority in this State bearing on it. In the order of reference the referee was directed to hear the case and report on it at the next term, and plaintiff made no objection to his doing so, though aware at the time that defendants had been given until the next term to answer. Instead of objecting to the hearing before the referee, plaintiff, in effect, consented to it and the hearing presumably would involve the reception of testimony for defendants as well as for plaintiff. If plaintiff did not want the case determined on the evidence, but on the state of the pleadings, he should have interposed an objection to its being heard. This objection would have been most timely when the order of reference was made, accompanied with the direction to hear the cause and report at

the next term; but if no objection was made then, it ought to have been made at the outset of the hearing before the referee. It is insisted now that plaintiff was entitled to judgment on the petition as no answer had been filed; but this certainly was not the case when the court had granted defendants until the next term to file an answer. Inasmuch as there is no showing that any injustice resulted to plaintiff, and as he could have had any reasonable time before the referee to rebut the credits claimed by defendants, but asked none, we think on the whole, that the irregularity in the reference and the hearing of the case ought not to work a reversal. We have found decisions holding that when parties go to trial without an answer being filed raising issues of fact, and without objecting to the trial on that score, the irregularity is waived. [Kirkpatrick v. Alexander, 60 Ind. 95; Anderson v. Sloan, 1 Colo. 484.]

The judgment is affirmed. All concur.