Bader v. Ferguson.

BADER, Administrator of the Estate of Huffman, Respondent, v. FERGUSON, Appellant.

St. Louis Court of Appeals, April 10, 1906.

1. **EVIDENCE: Books of Account.** This case is determined on the same facts with relation to the admissibility of books of account in evidence as the case of Bader, Admr., v. Schult, 118 Mo. App. 22.

2. ———: ———: **Referee's Finding.** In an action on an open account against a married woman, where the defendant objected to the introduction of entries on books of plaintiff on the ground that it showed the credit was extended to the defendant's husband instead of the defendant, the evidence is examined and held sufficient to sustain a finding by the referee that the indebtedness was that of the wife.

3. ———: ———: **Regular Course of Business.** In an action on an open account, where the books offered in evidence showed a charge for a note and no explanation was offered concerning the entry to show that it was made in the usual course of business, it was inadmissible in evidence.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED *si.*

*Brewer & Collins* for appellant.

(1) There being no evidence that the entries in the ledgers and daybooks offered in evidence by plaintiff were contemporaneous with the transactions therein, the same was incompetent and the objections of the appellant should have been sustained. Martin v. Estate of Nichols, 54 Mo. App. 594; Collins Bros. Drug Co. v. Grady, 57 Mo. App. 41; Anchor Milling Co. v. Walsh, 108 Mo. 277, 18 S. W. 904; Nelson v. Nelson, 90 Mo. 460, 2 S. W. 413; Robinson v. Smith, 111 Mo. 205, 20 S. W. 90; Mo. E. L. & P. Co. v. Carmody, 72 Mo. App

540. (2) The referee and court both erred in allowing the following item of account: "May 27, 1890. To note for R. H. Sherrill, note $80; int. $4," for the reason it is not a proper matter of book account. R. S. 1890, sec. 4652; Gregory v. Jones, 104 Mo. App. 270.

*Sam J. Corbett* for respondent.

An account book of original entries, fair on its face, and shown to have been kept in the usual course of business, is evidence, even in favor of the party by whom they are kept. The Anchor Milling Co. v. Walsh, 108 Mo. 285; 18 S. W. 904; Robinson v. Smith, 111 Mo. 205, 20 S. W. 90; Soligman v. Rogers, 113 Mo. 649; Missouri Electric Light and Power Company v. Carmody, 72 Mo. App. 541.

GOODE, J.—This action is on an account for goods sold and delivered by W. H. Huffman, deceased, to defendant. Plaintiff Bader is the administrator of the Huffman estate. Huffman conducted a mercantile business in the town of Caruthersville, Missouri, during his life and defendant dealt with him. The account contained in the transcript extends over the interval from January 2, 1893, to April 1, 1901, and the balance claimed to be due is $705.77. An account between the parties had been running through some years previous, as appears from the fact that the one before us opens with a balance carried over from the years 1891 and 1892, and from the referee's report in which four items dated May 27, 1890, are noticed. We know not why the account in the transcript fails to show those items. The cause was referred to C. G. Shepard, who reported in favor of judgment for plaintiff for $444.46. Exceptions were filed by defendant to this report, but they were overruled, judgment entered in accordance with the report and defendant appealed.

The case is in all respects like the one of Bader,

Admr. against H. C. Schult et al., 118 Mo. App. 22. The two causes were brought to the same term of court, were referred to the same referee and the evidence in both taken at the same time. The attorneys agreed that the evidence in the Schult case should be considered in this one as far as it was revelant and competent. It is assigned for error that the court admitted in evidence the account books of the deceased; there being no evidence to show that the entries were contemporaneous with the transactions to which they referred. There was ample evidence on that subject, as we held in the other case. The evidence on the question was the same in this case and proved the entries to have been original and made at the dates of the sales.

It is further objected that the account sued on was against defendant's husband and not against her, and certain entries in the account are said to support this contention. For instance, one like this: "Nov. 3, 1893. To Mchdse by wife. 0.80." Also a credit of $41.26 allowed defendant for salt received from her husband. This account extended over years and stood on Huffman's books in the name of the defendant and not in her husband's name. Mr. Ferguson's testimony went to show that during that period, with his wife's knowledge and consent, he gave orders and signed checks in her name frequently and acted as her general agent. On his own testimony and other evidence in the case, the referee found that defendant allowed her husband to buy goods of Huffman and have them charged to her account and to sign orders in her name. These facts sufficiently account for such careless entries as the foregoing to prevent us from setting aside the referee's finding that the indebtedness was defendant's; which was in truth, hardly denied.

The main defense in the case was that certain credits had not been allowed to defendant in the account. In all the instances of claims for other credits than those shown on Huffman's books, the referee found

in defendant's favor, as he did also on her contention that interest should not be allowed on the account; hence she was not prejudiced by those findings.

The account opened with four items under date of May 27, 1890. These items were in the following form:

"1890

| | | |
|---|---|---|
| May 27 | Note R. H. Sherrill, 80.00 Int. 4.00 | $84.00 |
| May 27 | Cash 30.00 Int. 1.25 | 31.25 |
| May 27 | By Hughley rent note | 95.00 |
| May 27 | J. H. Abernathy rent note | 50.00 |

The son of the deceased testified that he knew nothing about these transactions except what the books showed.

·The contention of the defendant is that the referee erred in allowing the charge against her for the Sherrill note because that note was not a proper item for a book account. The referee found that the other entries made by Huffman on his books that day, and the debit of the Sherrill note, were all parts of one transaction. It will be seen that one of the debits was for cash received of Huffman and the two credits were for rent notes for $95 and $50 respectively. The conclusion of the referee was that there was an understanding between defendant and Huffman that the Sherrill note should be paid by Huffman out of the credits that day turned over to him by defendant, and that, instead of deducting from the amount of the credits the Sherrill note and the cash advanced and entering the remainder as a credit in favor of Mrs. Ferguson, Huffman simply noted the three items; that is to say, the Sherrill note he was to pay and the sums received from Mrs. Ferguson out of which it was to be paid. Banks and other business establishments are accustomed to make entries of notes and other liabilities and bills receivable on the books and such entries are receivable in evidence when made in the usual course of business. [Smith v. Beattie, 57 Mo. 281; Borgess Inv. Co. v. Vette, 142 Mo. 560, 44 S. W. 754.] We

are of the opinion that the entry of the Sherrill note on the books of the deceased was inadmissible under that rule. No one knew anything about that entry or the others of May 27, 1890, except what could be gathered from the entries themselves; and it is plain that they show no facts to support the conclusion of the referee, which must have been surmise or based on rumor. The Sherrill note matter stands unexplained and there is no proof that it was made in the usual course of business. It rather looks as though it was not, but was an affair unrelated to the usual dealings between Huffman and defendant; for on looking over the account, we find it to be composed entirely of debits for various wares and goods sold and delivered to defendant and credits for payments made. The Sherrill note stands as an isolated transaction and the same might be said, perhaps, of the debit charge for cash on the same day; to which, however, no objection has been made. We think the entry concerning the note is too indefinite and too detached from the usual course of business between deceased and defendant, which was but the ordinary business between merchant and customer, to be admissible. [Shoemaker v. Kellog, 11 Pa. St. 310; Stucklager v. Neel, 123 Pa. St. 53, 60.] If plaintiff will remit the sum of $84 from the judgment within fifteen days the judgment will be affirmed; otherwise it will be reversed and the cause remanded with a direction to the court to sustain defendant's exception to the report of the referee allowing plaintiff the amount of the Sherrill note and interest on it. All concur.