# W. W. JENNINGS et al., Respondents, v. L. F. ROBERTS, Appellant.

## Kansas City Court of Appeals, April 6, 1908.

BILLS AND NOTES: Payment: Check: Application: Evidence. Certain checks were given with directions to apply "on note." *Held,* it was the duty of the holder to so apply them, but when the note appears without corresponding credits, the burden is on the maker to prove that they were paid thereon and not leave that matter problematical; and, held, further the evidence does not warrant the overturning of the judgment below.

Appeal from Boone Circuit Court.—*Hon. E. W. Hinton,* Special Judge.

AFFIRMED.

*P. H. Cullen* for appellant.

(1) In the absence of a showing of other indebtedness evidence of payment of money is sufficient to show a discharge of note sued upon. Massie v. Bowen, 29 Pa. St. 128, 72 Am. Dec. 619; Trumbo v. Flournoy, 77 Mo. App. 324; Griswold v. Lambert, 89 Me. 534, 36 Atl. 1046. (2) The production of a paid check containing a notation that it was given as a credit on a note raises a presumption of payment which becomes conclusive in the absence of countervailing testimony. Boyd v. Daily, 85 App. Div. 581, 83 N. Y. Sup. 539; Same case affirmed 176 N. Y. 556, 68 N. E. 1114.

*Arthur Bruton, F. G. Harris* and *H. S. Booth* for respondents.

(1) A check or promissory note received for a debt is not payment unless there is a positive agreement to that effect and the note or check is given and accepted as payment. Appleton v. Kinnon, 19 Mo. 637; Howard v. Jones, 33 Mo. 583; Wiles v. Robinson, 80 Mo. 47; Commiskey v. McPike, 20 App. 82; Bank v. Peterman, 21 App. 512; Selby v. McCullough, 26 App. 66. (2) A

party alleging payment must bear the burden of proving it. Sampson v. Fox, 109 Ala. 662; Wagon Co. v. Matthesson, 3 Dak. 233; Ritter v. Sheink, 101 Ill. 387; Cower v. Torry, 158 Ind. 76; Hilton v. Smith, 5 Gray (Mass.) 400; Drake v. Critz, 83 Mo. App. 650; Ferguson v. Dalton, 158 Mo. 322.

ELLISON, J.—Plaintiffs are the heirs of W. W. Jennings, deceased, and as such are the owners of the note in suit, which was executed to Jennings by the defendant.    The judgment in the trial court was for the plaintiffs.  The case was tried without a jury.

The defense is a plea of payment.  There are two credits claimed by defendant which are not endorsed on the note.  If they are allowed the note has been paid. If disallowed the judgment must stand.    The two disputed payments are each claimed to have been made by a check on a bank at Centralia, one on October 16, 1899, for $41.60, and the other on June 26, 1900, for $73.75. The first of these checks had written on the face the words "credit on note."  The second, the words "on note."   There was evidence having some tendency to show that those words were not written there when the checks were signed, but the trial court declared in an instruction that it was not sufficient to justify a finding that they were not written before the delivery of the checks.   The trial court further declared that it became the duty of the deceased Jennings to credit the amount of the checks when paid by the bank on some note which he may have held against defendant.

The evidence justified the court in the first declaration and the law justified the second.  If the defendant owed the deceased but the one note when the checks were given, then they must be taken as payments on that note unless there is a showing to the contrary.  [Masser v. Bowen, 29 Pa. St. 128; Griswold v. Lambert, 89 Maine 534.]  This view is stated by GILL, J., in Trumbo v. Flournoy, 77 Mo. App. 324.

So the question presents itself as a matter of evidence. The case shows that defendant made the two payments in dispute on a note, and, judging from the declarations of law, the trial court so found. But did he make such such payments on the note in controversy? Plaintiffs, as heirs of the deceased payee, had possession of the note and these credits of payment claimed to have been made by the checks were not upon it. In such case the burden was on the defendant to prove that they were paid on it. It will not do to leave it problematical whether they were. The evidence must establish it to the satisfaction of the jury, or the court sitting as a jury as a fact. [Ritter v. Schenk, 101 Ill. 387; Cower v. Torry, 158 Ind. 76; Hilton v. Smith, 5 Gray 400.]

The defendant himself could not testify. We have given careful scrutiny to the other evidence introduced by defendant and find that it is not of such character as would justify us in overturning the conclusion of the trial court who had the witnesses before him.

The action of the court in giving and refusing declarations of law was proper. The judgment must be affirmed. All concur.