**Ells HICKS d/b/a Hicks Painting Company, Respondent,**

v.

**George PENISTON, Appellant.**

No. 25554.

Missouri Court of Appeals, Kansas City District.

May 8, 1972.

Patrick Horner, Auxvasse, for appellant.

Roger P. Krumm, Baker, Holt & Krumm, Fulton, for respondent.

SHANGLER, Chief Judge.

Plaintiff contractor agreed to paint the defendant's fence, a half-mile length of 242 round cedar posts set ten feet apart, strung with barbed and woven wire and intersticed by three frame gates and some panelling. This undertaking was arranged by Hottle, defendant's farm manager, and required only that the best possible result be achieved with one coat of paint. The kind of paint to be used and the method of performance, whether by hand brush or by spray, were left to plaintiff Hicks. Compensation for the work, it was agreed, was to· be based on labor time and materials used. It was also agreed that plaintiff paint the cab of defendant's farm truck for $72. When the work was completed, the defendant refused to pay either the $72 for painting the cab or the $233 plaintiff submitted as the charge for painting the fence. The defendant found the charge for the fence work unreasonable and also that the coloring of the cab, which he had expected to be a bright red, was not of sufficient sheen.

The issues were tried to the court and a judgment was entered for plaintiff in the sum of $305. The defendant appeals and assigns as error the contentions that all the evidence—had the defendant's evidence been accorded its proper weight—was not sufficient to support the judgment, and that the court erred in receiving certain exhibits offered by the plaintiff.

Plaintiff, a painting contractor for some thirty-five years, testified that both he and his helper worked fully eight hours to apply a single coat of paint by spray gun to the posts and other wooden components of the fence. He acknowledged that a more frugal use of paint would have resulted from the use of a hand brush, but that since the spray method was three times faster, the savings in labor time more than offset the additional cost of paint. For this work, plaintiff charged defendant $4.-50 per hour per man for a total labor charge of $72. It was an hourly rate less than normally charged by contractors in the locality. Twenty-three gallons of paint were used on the fence, with but little thinning, so as to most effectively cover

the cedar posts which were quite dry and appeared not to have been painted before. Plaintiff charged defendant $7 for each gallon of paint, or $161. The total charge made for painting the fence, including materials and labor, was $233, a charge plaintiff considered reasonable.

O. A. Haverstick, a painting contractor of some 20 years' experience, confirmed the reasonableness of plaintiffs' charges as well as the reasonableness of the work method chosen. He had a view of the fence and posts and concluded that painting by a spray ₁gun would result in work of a better quality. He also estimated that it would take him, working alone, more than two days to paint the fence with a spray gun for which his charge would have been $5.35 per hour, the going rate. Twenty-three gallons of paint he found to be a reasonable quantity of material for the job.

■ Specifically, appellant's first contention of error is that the judgment gives effect only to plaintiff's evidence that it required fully eight hours and 23 gallons of paint for plaintiff and his helper to cover the fence, but ignored the weight of defendant's evidence that the same work reasonably could have been done in eight hours by one man using not more than eight gallons of paint. To this we need only say that the trial court resolved this conflict in favor of plaintiff and in the context of all the evidence, we believe, reasonably so. Although we are authorized to make our independent assessment of the evidence in this court-tried case, we do not set aside the judgment of the trial court unless it is clearly erroneous. Schmitt v. Pierce, Mo., 344 S.W.2d 120, 122 [1]; Rule 73.01(d), V.A.M.R. The judgment, we find, is supported by ample evidence.

■ As to the truck cab, although defendant's evidence was that the hue and gloss were disappointing, there was no evidence that defendant described the performance required of plaintiff in other than general terms, or that the result obtained was not what plaintiff understood defendant expected. Reasonable performance by the plaintiff of this element of the contract was proved.

■ The other point of error appellant raises is that the court improperly received in evidence certain invoices of sales of paint by the Sherwin-Williams Company to plaintiff which were offered to prove the reasonableness of the charges for these materials made by plaintiff to defendant. It is appellant's contention that these exhibits were improperly received because Section 490.680, V.A.M.S., the Uniform Business Records as Evidence Act, under which they were offered, requires a "qualified witness" to establish the identity and mode of preparation of the records, but that the credit manager, by whom this proof was offered, was not employed by Sherwin-Williams at the time of the purchases and had no personal knowledge of these records and therefore was not competent to qualify them. The Supreme Court en banc rejected a like contention in Rossomanno v. Laclede Cab Company, Mo., 328 S.W.2d 677, 682 [11–13] and held that the testimony of a witness as to the mode of preparation of records, under the statute, need not be based on personal knowledge. The court observed that to hold otherwise would entail the absurd result of incapacitating even a permanent custodian of records from ever qualifying records which predated the employment because the necessary personal knowledge could never be acquired.

■ Finally, appellant contends that the misrenderings of his name, apparent upon the face of the invoice exhibits themselves, indicating the destination for the material purchased to be "Presentson job" and "Penniston"—rather than "Peniston" —are such gross inaccuracies as to render the records themselves untrustworthy. This assertion is trivial. The trial court has a large discretion in determining whether the statutory requirements of business records have been met for their admission as evidence. It is a discretion with which a reviewing court should not

ordinarily interfere. Fisher v. Gunn, Mo., 270 S.W.2d 869, 879 [12–13]. There is no contention here that the sources of information, method and time of preparation of the records were not shown to be such as to justify their admission. A presumption of the regularity of the records arises from a showing of the authenticity of their source. Rossomanno v. Laclede Gas Company, 328 S.W.2d l. c. 682 [12]. The trustworthiness of business records derives from the systematic manner of their keeping in the normal conduct of the business, a showing made by plaintiff and not disputed here. 30 Am.Jur.2d, Evidence, Sec. 939; Kitchen v. Wilson, Mo., 335 S.W.2d 38, 43 [4]. The trial court implicitly found, as we do expressly, that the invoice exhibits, although flawed in spelling, had the appearance of records honest and fairly kept and were trustworthy.

The judgment is affirmed.

All concur.

PRITCHARD, SWOFFORD, and WASSERSTROM, JJ., not participating because not members of the court when cause was submitted.