Thelma B. BRADLEY, Respondent,

v.

Eddie BUFFINGTON and Mozelle
Buffington, Appellants.

No. KCD 27234.

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

Larry M. Burditt, Scott O. Wright, Brown, Wright, Willbrand & Burditt, Columbia, for appellants.

Carl F. Sapp, Sapp, Woods, Dannov & Orr, Columbia, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from judgment entered on directed verdict for plaintiff in action on a promissory note. The questions are (1) whether the Dead Man's Statute bars defendant Eddie Buffington from testifying on the defense of payment, in identification and qualification of his canceled checks, bank statements, and check stubs, and their admission in evidence; and (2) whether the state of the evidence entitled plaintiff to a directed verdict. Affirmed.

The note in amount $12,000, dated September 21, 1964, due March 21, 1965, payable to A. M. Bradley, Sr., executed by Eddie Buffington and Mozelle Buffington, his wife, was in evidence without objection. A. M. Bradley, Sr., died August 11, 1968, and Thelma B. Bradley, his widow, and his six children, assigned the note to Thelma B.

Bradley. The note bore an endorsement on its reverse side, "Paid on Note $1006.30—1–20–66 Jan 20, 1966." Both Mr. Bradley and Mr. Buffington had engaged in buying and selling timber and dealt frequently with each other. Mr. Buffington also operated a stave mill.

Evelyn Marie George, daughter of A. M. Bradley, Sr., her father, mother, husband, and Mr. Buffington were present in her parents' kitchen when the $1006.30 credit on Exhibit 1 was accomplished. Mr. Bradley demanded payment of Mr. Buffington, and he did not deny owing the amount of the note and interest. She did not know how the $1006.30 was paid, but her husband credited the payment on the back of the note. Mrs. George knew the note was otherwise unpaid.

Basil T. George, husband of Evelyn and son-in-law of A. M. Bradley, Sr., engaged in the timber business with Mr. Bradley and was also present at the meeting in the Bradley kitchen. Mr. Bradley demanded payment of all obligations owed him by Mr. Buffington, including the note. Mr. Buffington did not then or at any other time deny owing the note. He said only that he could not pay it. The $1006.30 payment was endorsed on the note by Mr. George as a credit for some money that was owed to Mr. Buffington by Mr. Bradley for "stave haulers for cutting headings and bringing them into the mill." Mr. George knew also that the note was otherwise unpaid, and he had the note in his possession until it was introduced in evidence.

Defendants called Mrs. Bradley and adduced that to her knowledge the note had not been paid, and that she had endorsed and deposited in a joint account held by her and her husband a number of checks drawn payable to A. M. Bradley, Sr., by Eddie Buffington. She was aware that some of the checks had an attachment which was removed by her or her husband prior to depositing the checks, but did not know what the checks were for or the nature of the attachments.

Eddie Buffington attempted, unsuccessfully, in avoidance of the Dead Man's Statute, to testify on the defense of payment, and to identify and qualify the above-mentioned canceled checks and accompanying bank statements and check stubs, Exhibits A through CC, as business records.

Appellants contend the court erred in refusing, on ground of the Dead Man's Statute, testimony of defendant Eddie Buffington in identification and qualification of the exhibits, asserting (I) and (III) that they were proper matters of book account and business records and an exception to the Dead Man's Statute. They also contend (II) that the court erred in refusing testimony from defendant Eddie Buffington on the defense of payment asserting that the statute does not prevent a person from testifying where an adverse party to the transaction (Mrs. Bradley) is alive; and (IV) that the court erred in directing a verdict at the close of all the evidence asserting that plaintiff's case rested on oral testimony and credibility of such testimony made a jury question.

In a suit on a promissory note, a defendant maker who pleads the affirmative defense of payment has the burden of establishing it. *Jennings v. Roberts,* 130 Mo.App. 493, 109 S.W. 84 (1908); Rule 55.08, V.A.M.R. When such a suit is brought by the heirs of a deceased payee or by the assignee of his heirs and such persons were not parties to the note transaction, the defendant cannot testify in his own favor because of the prohibition of the Dead Man's Statute. § 491.010, RSMo 1969; *Jennings v. Roberts,* supra; *Bay v. Elmer,* 241 Mo.App. 389, 237 S.W.2d 932 (1951); *Angell v. Hester,* 64 Mo. 142 (1876). Thus, the court did not err in barring defendant Eddie Buffington from testifying on the defense of payment.

As suggested by appellants (II), the statutory prohibition does not apply where a cocontractor with the decedent survives and can testify in opposition to the testimony of a witness said to be incompetent because of the death of one of the cocontractors. *Wahl v. Cunningham,* 320 Mo. 57, 6 S.W.2d 576 (banc 1928); *Bussen v. Del Commune,* 239 Mo.App. 859, 199 S.W.2d 13 (1947). Such exemption does not free Eddie Buffington to testify, however, because plaintiff Thelma Bradley was not a cocontractor or copayee with the decedent, A. M. Bradley, Sr., on the note in issue made by defendants Eddie and Mozelle Buffington, and was not shown to be cognizant of all that may have passed between her deceased husband, A. M. Bradley, Sr., and Eddie Buffington.

Nor was it error to bar Mr. Buffington's testimony in identification of and qualification as book account and business records his canceled checks, bank statements, and check stubs. Appellants would support their contentions (I) and (III) by citing the proviso in the Dead Man's Statute "that in actions for the recovery of any sum or balance due on account, and when the matter at issue and on trial is proper matter of book account, the party living may be a witness in his own favor so far as to prove in whose handwriting his charges are, and when made, and no farther." See also *Stephan v. Metzger,* 95 Mo.App. 609, 69 S.W. 625 (1902); *Sonnenfeld v. Rosenthal,* 247 Mo. 238, 152 S.W. 321 (1912); *Hancock v. Crouch,* 267 S.W.2d 36 (Mo.App.1954); *Bader v. Ferguson,* 118 Mo.App. 34, 94 S.W. 836 (1906); *Anchor Milling Co. v. Walsh,* 108 Mo. 277, 18 S.W. 904 (1892); *Hicks v. Peniston,* 480 S.W.2d 522 (Mo.App.1972), all dealing with accounts, claims on accounts, and what constitutes a book of account or qualifies as a business record.

The difficulty in this attempt to avoid the bar of the Dead Man's Statute lies in the nature of this action. This is a suit on a promissory note; the defense is payment, and "[p]ayments of this character are ordinarily evidenced by an indorsement of them on the back of the note, and * * both upon principle and authority, such entries are not the proper subject of book account, and . * * * they do not come

within the purview of the statute or the reasoning of the rule." *Gregory v. Jones*, 101 Mo.App. 270, 73 S.W. 899, 903 (1903). In *Swyers v. Russell*, 426 S.W.2d 743 (Mo. App.1968), as in this case, decedent's successors sued on a promissory note for $2,000 given the decedent by defendant. Execution was not questioned; the defense was payment. Plaintiff had a directed verdict, and the question was whether a jury question was raised by defendant's evidence that he paid the decedent-payee by a check for $3,000 bearing a notation "full settlement." Appellant charged error in applying the Dead Man's Statute to bar his attempt to testify about the identity of two checks he had given decedent-payee and copies of his bank statements that showed his checks were paid. The court did not accept defendant's contention that his identification testimony was admissible under the exception to the Dead Man's Statute which lets a survivor identify handwriting in bookkeeping entries. See also *Eastin v. Bank of Harrisonville*, 213 Mo.App. 130, 246 S.W. 991, 994 (1923), that a bank "blotter" and statements written there by the bank president that certificates of indebtedness were sold in exchange for plaintiff-depositor's check was not evidence against the depositor in his action to recover the amount of the check because the "blotter" was not an account book or part of plaintiff's account with the bank but was simply a private record of the bank and the president's statement on the blotter was simply self-serving.

■ Finally, the court did not err in directing a verdict for the plaintiff. Ordinarily, a verdict may not be directed in favor of a party upon whom the law casts the final burden of proof; but there is an exception where there is no question of fact left in the case and the questions of law are not for the jury. *Coleman v. Jackson County*, 349 Mo. 255, 160 S.W.2d 691, 693 (1942). It is not disputed that defendants executed and delivered the note in issue to A. M. Bradley, Sr. The note for $12,000, together with endorsement showing payment of $1006.30, was in evidence without objection. The defense was payment, and the only evidence of payment was that shown by the endorsement. The note was at all times in the hands of the owners. As in *Latta v. Robinson Erection Co.*, 363 Mo. 47, 248 S.W.2d 569, 577–578 (banc 1952), "The execution, delivery and nonpayment of the notes was [sic] admitted and the notes were offered in evidence. The defendants failed to offer any substantial evidence in support of their affirmative defenses. The court, therefore, should have directed a verdict for plaintiffs for the full amount due on the notes." See also *Commerce Trust Co. v. Howard*, 429 S.W.2d 702 (Mo.1968); *Keeney v. Freeman*, 236 Mo.App. 260, 151 S.W.2d 532, 535 (1941); *Auffenberg v. Hafley*, 457 S.W.2d 929 (Mo.App.1970); *Swyers v. Russell*, supra.

Judgment affirmed.

All concur.