Lillian ESTELL, Plaintiff-Appellant,

v.

ESTATE OF Harold IDEN, Deceased, Defendant-Respondent.

No. 50105.

Missouri Court of Appeals, Eastern District, Division One.

June 24, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 1986.

Application to Transfer Denied Sept. 16, 1986.

Richard Alan Cooper, St. Louis, for plaintiff-appellant.

John W. Hammon, Hillsboro, for defendant-respondent.

SNYDER, Judge.

Claimant appeals from a judgment denying her claim against the estate of Harold Iden. The claim was based on a promissory note and a written statement of a loan account. The trial court admitted the promissory note and the loan account as evidence but denied the claim because there was no evidence of the exact balances due on either document. The judgment is reversed and the cause remanded with directions.

Appellant Lillian Estell filed a claim against the estate supported by a two count petition. Count One was for the balance due on a promissory note executed on January 2, 1973 by Harold Iden as maker and payable to appellant, with a maturity date of April 1, 1981. The note was received in evidence as Exhibit "A".

In Count Two appellant sought judgment for money she lent to decedent, allegedly in the amount of $6,000.00. The trial court received in evidence Exhibit "B", identified as being mostly in decedent's handwriting and allegedly showing the amounts owed to appellant for loans she had made to decedent. Respondent answered appellant's claim with the affirmative defenses of payment and the statute of limitations.

■ In appellant's first point relied on she asserts that the trial court erred in entering its judgment for the estate-respon-

dent because it shifted the burden of proof of payment or nonpayment of the indebtedness from the respondent to the claimant-appellant. The point is well taken.

Appellant produced as Exhibit "A" the promissory note of the decedent made payable to appellant. Appellant also offered Exhibit "B" which she alleged was a partial list of other money loaned to decedent by appellant. The trial court admitted these exhibits into evidence.

The respondent produced no evidence to support its affirmative defense of payment. The court noted in its order that no evidence was presented on the balance due on the promissory note nor did appellant produce any records concerning any credits relating to the loan evidenced by Exhibit "B". The court concluded that it could not speculate on the balance due on the note or the loans and for this reason denied the appellant's claim.

The court's ruling erroneously shifted the burden of proof of nonpayment of the obligations to appellant, rather than placing the burden of proof of payment on the respondent, the estate of Harold Iden.

In a suit on a promissory note, a defendant-maker who pleads the affirmative defense of payment has the burden of establishing it. Rule 55.08; *Don Anderson Enterprises, Inc. v. Entertainment Enterprises, Inc.*, 589 S.W.2d 70, 73[4, 5] (Mo. App.1979); *Bradley v. Buffington*, 534 S.W.2d 571, 573[1–3] (Mo.App.1976). This burden is so formidable that even if a promissory note is stamped "PAID", a presumption of payment arises, but the burden of proving payment continues to rest on the maker of the note. *Mercantile Bank & Trust Co. v. Vilkins*, 675 S.W.2d 673, 675 (Mo.App.1984). Therefore, in this case respondent, as maker of the promissory note, admitted as Exhibit "A", had the burden of proving payment on the note.

The same burden of proof applies in the case of the loans shown by Exhibit "B". Payment is an affirmative defense and the burden of proving it is on the party who pleads it. *Emory v. Emory*, 53 S.W.2d 908, 913 (Mo.1932). In *Emory*, plaintiff

sued defendant on an account for work done and money plaintiff loaned to defendant. Plaintiff claimed that he entered the amounts defendant owed him in a memorandum book, which he presented at trial. Defendant answered alleging that he had paid plaintiff his wages and had repaid the loan amount. *Id.* at 909. The court ruled that defendant had the burden of proving payment.

The court declined to fit the case into the narrow exception to the general rule that where proof of payment is in the exclusive knowledge and control of the plaintiff, the burden of producing the evidence is upon him. *Id. See also Hubbard v. Happel's Estate*, 382 S.W.2d 416, 424 (Mo.App.1964).

Respondent has not alleged any facts suggesting that such an exception apply in the case under review. Therefore, the general rule applies which requires respondent to present facts proving payment of the loans evidenced in Exhibit "B".

■ Appellant also alleges the trial court erred in denying her claim based on the court's inability to speculate on the balances due on the debts owed by respondent. Appellant argues that the production of the debt instruments proved the balances due and the respondent's failure to adduce evidence of payment leaves the balances due to be those shown on the documents.

Appellant's position with respect to the promissory note is supported by § 400.3–307(2) RSMo Cum.Supp.1984 which reads: "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." A comment to this section states that once the signature is proved or admitted, a holder makes his case by merely producing the instrument if there is no other evidence. The maker of the instrument has the burden of establishing any and all defenses by a preponderance of the total evidence. Comment 2 to § 400.3–307(2).

In *Bradley v. Buffington*, the court held that because the defendant failed to offer

any substantial evidence in support of his affirmative defense, the trial court should have directed a verdict in the full amount due on the note for the plaintiff. 534 S.W.2d at 573[1–3].

In the case under review, the trial court admitted into evidence the promissory note. Appellant identified decedent's handwriting on the signature portion of the promissory note.

The court noted in its order denying appellant's claim that no evidence was presented to the court concerning the balance due on the promissory note and the court concluded that it could not speculate concerning the amount due on the note.

According to Missouri statutes and case law, the court was not required to resort to speculation. Because the respondent failed to produce evidence to support its affirmative defense of payment, the balance recorded due on the promissory note is the amount the trial court should have awarded to appellant.

Appellant admitted judicially that she had received two payments on the promissory note from the decedent, one for $90 and one for $60, totalling $150. Therefore, the amount due on the promissory note is $4,091.76, exclusive of interest.

Exhibit "B" is a handwritten statement of account upon which numerous figures and calculations are listed. Appellant claims that the balance due on this account is $2,035.85. The account says "owe Lil $540.", and below the $540 is " + 356.24" which is the total of a column of figures shown on the left side of the page under the name "Lillian Estel".

This court is admonished by Rule 84.14 to "dispose finally of the case" and to give such judgment as the court ought to give. Rather than remand the cause for additional evidence on the account statement, this court finds the statement of account to show a balance due to claimant of $896.24, the total of the $540 plus $356.24 which is shown as being owed to "Lil" who is the claimant-appellant. Appellant is entitled to $896.24 on the obligation shown in Exhibit "B".

■ Respondent in its brief did not address the issue of the payment defense and the speculation about the balance due, but argued only that appellant's claim was barred by the statute of limitations. Respondent had raised the statute of limitations as an affirmative defense in its answer and now relies on its contention that the appellant failed to meet her burden of removing the statute of limitations as a bar to recovery. The exhibits themselves refute the defense.

Respondent points out that the statute of limitations for an action on a promissory note is ten years. Sec. 516.110 RSMo.1978. Respondent argues further that the statute begins to run on the date of execution of the note.

Appellant agrees that the applicable statute of limitations is ten years, but argues correctly that the statute does not begin to run on a promissory note until the last installment of the note is due pursuant to § 516.100 RSMo.1978. This view is generally accepted. *See Sabine v. Leonard,* 322 S.W.2d 831, 837[3] (Mo. banc 1959). *See also* 12 Am.Jur.2d Bills and Notes § 1044.

The date of maturity for the promissory note was April 1, 1981. The statute of limitations began to run as of that date foreclosing any claims after April 1, 1991. Therefore, appellant's 1984 claim was within the statutory time limit.

■ Respondent further asserts that the trial court based its order denying appellant's claim on the fact that the exhibits alone failed under the statute of limitations to be a basis for appellant's award. Respondent's assertion is not supported by the amended trial court order. The order does not mention the statute of limitations as a reason for denying appellant's claim. Instead, the trial court based its decision on its belief that to determine the amount of debt due would require speculation.

■ Nor did the statute of limitations preclude recovery on the debt claimed by appellant as shown in Exhibit "B" because

the exhibit indicated the last date of a loan was February of 1981. Whether this loan shown in Exhibit "B" is construed as a contract or as a written obligation to pay money is immaterial for statute of limitations purposes because the claim on this debt was clearly within the shorter five year limitation period for contracts § 516.-120, and therefore necessarily within the ten year limitation period for written obligations to pay money. Section 516.110.

The judgment is reversed and the cause remanded with instructions to the trial court to enter a judgment for the claimant in the sum of $4091.76 with prejudgment interest at nine percent (the highest legal contract rate at maturity as required by the terms of the note) and in the sum of $896.24 without prejudgment interest on the statement of the loan account. Section 408.020 RSMo.Cum.Supp.1984.

CARL R. GAERTNER, P.J., and SMITH, J., concur.