McELROY v. CALDWELL.

Where a credit has been endorsed on a bond, or note, and is afterwards erased, it devolves upon the obligee or payee to account for the erasure. The endorsement, if made with the consent of the obligee or payee, amounts to an admission of payment, and if not made with his consent, it devolves upon him to prove that fact.

McElroy
v.
Caldwell.

Error to the Monroe Circuit Court.

*Opinion of the Court, delivered by Napton, Judge.*

This was an action by petition in debt, brought by McElroy against Caldwell and William Buckner, Jr. Buckner not having been served with process, the suit abated as to him. The foundation of the action was a bond executed by Buckner and Caldwell for $1145.54.

Pleas of nil debit, fraud, and payment, were put in by defendant, Caldwell, and issues taken to the country.

On the trial, the plaintiff gave in evidence the bond, with several credits endorsed thereon. The last credit endorsed was for $707 61 cents, and appeared to have been erased by drawing a pen through it. The endorsement was not in the handwriting of McElroy. The defendant then proved by Saunton Buckner, that he (witness) wrote the endorsements; that at the time he did so, he was clerk for William Buckner, the partner of Caldwell, and had no recollection of any attempted erasure. The erasure, witness said, was in a different kind of ink from the endorsement, and must therefore have been made subsequently to the endorsement. Witness stated that he would not have endorsed the credit, without the assent of William Buckner and McElroy, but that the transaction was so old, that he could not speak positively. The witness also stated that he had entered a similar credit in the books of Caldwell and Buckner, corresponding in date and sum with the credit endorsed on the bond.

There was no other material testimony touching this credit, which was the only matter in controversy.

The court instructed the jury, that if they believed from the evidence, that the credit for $707.61 was placed upon

Where a credit has been endorsed on a

AUG. TERM,
1842.

McElroy
v.
Caldwell.

said bond by the assent of the plaintiff, and 'of the obligees in said bond, it was good legal evidence of payment unless the plaintiff showed that it was afterwards erased by the consent of parties.

The jury found a verdict for the defendant, and judgment was given accordingly. To reverse this judgment, the case has been brought here by writ of error.

bond or note, and is afterwards erased, it devolves upon the obligee or payee to account for the erasure.

The endorsement, if made with the consent of the obligee or payee, amounts to an admission of payment, and if not made with his consent it devolves upon him to prove that fact.

We are unable to perceive any substantial objections to the instructions of the circuit court. Had the endorsement been made without the consent of the plaintiff, it would have been no evidence of the credit, not having been in his handwriting, and he could have erased it at pleasure. But an endorsement of a credit, made by his consent, is as binding as though made in his own handwriting; and the note being presumed by law to be in his possession, it devolves on him to account for the erasure. The endorsement, if made with his consent, amounts to an admission of payment, and the force of such admission cannot be removed by a subsequent denial. It is still evidence proper for the consideration of the jury, and they may give to it such weight as in their estimation it deserves. Whether the credit was entered with the consent of the obligee was a question of fact proper for the jury, and the court also left to the jury to say whether the erasure was made by consent of parties.

We are of opinion there was no error in this, and the judgment will therefore be affirmed.