Hays, Winterbower & Sims v. Odom.

*——: ——: allegation of loss: recovery: interest.*

---

HAYS, WINTERBOWER & SIMS, Appellants, v. J. B. ODOM, Respondent.

### Kansas City Court of Appeals, April 3, 1899.

1. **Alteration**: INSTRUMENT: JUSTICE OF THE PEACE: COLLECTING AGENT. Alterations in a promissory note by filling blanks made by a justice of the peace with whom it is left for suit can not bind the holder without his assent, nor can such alteration by a collecting agent.

2. **Partnership:** SURVIVING PARTNER: ADMINISTRATION.  Though the surviving partner has not given the bond required by the statute and the administrator of the individual estate has not qualified as administrator of the partnership estate, such facts will not prevent the survivor from collecting the assets of the partnership.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

J. W. JAMISON for appellants.

(1)   The note sued on is payable to the firm of Hays, Winterbower & Sims, of which these plaintiffs are the surviving partners.   It was affirmatively shown that no steps had been taken to administer the partnership estate under the statute, hence plaintiffs were entitled to maintain the suit as such surviving partners, and the court could not properly deny their right to go to the jury on the ground that they failed to show title to the note.   Hargadine v. Gibbons, 45 Mo. App. 460; Matney v. Gregg Bros., 19 Mo. App. 107; Bredow v. Savings Institution, 28 Mo. 181; 1 Woerner's Probate Law, sec. 124.   (2)   The court was not authorized to take the case from the jury on the ground of the alteration.   Machine Co. v. Dakin, 13 L. R. A. (Mich.) 313; 2 Am. and Eng. Ency. of Law [2 Ed.], p. 217.  Plaintiffs were entitled to have the jury pass upon the question of Bedwell's authority to make the alteration, even if he were plaintiffs' agent.   Wells v. Gatey, 8 Mo. 681; State ex rel. v. Thayer, 5 Mo. App. 420.

C. D. CORUM for respondent.

(1)   An alteration of a note by the holder, without the consent of the maker, however innocently made, is fatal to the validity of the note, whether the alteration be material or immaterial.   Bank v. Bosserman, 52 Mo. App. 269; Bank v. Fricke, 75 Mo. 178; Bank v. Umrath, 42 Mo. App.

529. (2) An alteration of a written instrument, made in the absence of the party who executed it, by one beneficially interested in it and having it in custody, is fatal to its validity. Hord v. Taubman, 79 Mo. 101; Bank v. Fricke, 75 Mo. 178. An agent authorized to act on his own judgment and take such security as he thought best, vitiates a mortgage when he alters it, even though he makes the alteration without the knowledge or consent of his principal. 55 N. W. Rep. 562.

ELLISON, J.—This action is on a promissory note. A demurrer to plaintiffs' evidence was sustained, the jury discharged and judgment entered for defendant.

Defendant executed the note to the partnership of Hays, Winterbower & Sims. The rate of interest and whether from date or maturity, were left blank when the note was delivered by defendant. Plaintiffs placed the note in the hands of Bedwell, a justice of the peace, for collection. It seems the note was first put in his hands unofficially and merely as a collecting agent, and that afterwards it was placed in his hands for suit. While in his hands, either as a collecting agent, or as justice of the peace, he altered it by inserting the figure "6" in the space left for the rate of interest and the word "date," in the space left blank for the time at which interest should begin. This was done without plaintiffs' knowledge or consent and when they discovered it had been done, they disapproved of it and Bedwell erased what he had thus put in.

We are of the opinion, on the foregoing facts, that plaintiffs should not be held accountable for the unauthorized acts of Bedwell. If he altered the note while in his hands officially there is no pretense of authority. But it is claimed that he made the change when he held it as a collecting agent. If he did, he was equally without authority. It was altogether outside the

ALTERATION: instrument: justice of the peace: collecting agent.

scope of his agency. This is not a case where an agent by exercising an apparent (though not real) authority may work an injury to another if his act be disavowed. Here was an agency for a specific purpose which carried with it no semblance of authority to change the terms of the note. The change of the note did not involve the manner of its collection, nor was it in any way connected therewith. It was a mere unexpected and unauthorized act disclaimed by plaintiffs as soon as learned by them, and for which they were in no sense responsible. Lubbering v. Kohlbrecher, 22 Mo. 596. On introducing the note in evidence plaintiffs should show how the alteration and erasure happened.

2. Sims was a member of the partnership when the note was given, but died before suit was brought, leaving plaintiffs as surviving partners, though neither of them had given bond and the administrator of Sims' individual estate had not qualified as administrator of the partnership estate. The fact that no administration was had and that plaintiffs did not qualify as surviving partners did not interfere with their right as survivors to collect the assets of the partnership estate. Bredow v. Sav. Inst., 28 Mo. 181; Hargadine v. Gibbons, 45 Mo. App. 460. The judgment will be reversed and the cause remanded. All concur.