506 P.2d 759 (1972)
The PUEBLO BANK AND TRUST COMPANY, a Colorado banking corporation, Plaintiff-Appellee,
v.
E. D. McMARTIN, Defendant-Appellant.
No. 72-077.
Colorado Court of Appeals, Div. I.
December 19, 1972.
Rehearing Denied January 9, 1973.
Certiorari Denied March 12, 1973.
*760 Seavy & Jensen, Alan N. Jensen, Pueblo, for plaintiff-appellee.
William E. Kenworthy, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
The Pueblo Bank and Trust Company, plaintiff-appellee, initiated this action to recover the principal and interest due on two promissory notes. The notes were dated February 10, 1967, and both bore the signature of McMartin Plumbing and Heating Company, Charles McMartin and E. D. McMartin. Default judgment was entered against the company and Charles McMartin. Trial was to a jury which found defendant-appellant, E. D. McMartin, liable on both notes. E. D. McMartin appeals from the judgment entered on the verdict. We reverse.
The following basic facts appear in the record. Sometime prior to 1967 the bank loaned $30,000 to the company. The company and Charles McMartin, who was president of the company, executed a note for that amount. Defendant, who is the father of Charles McMartin, was not involved in this transaction, knew nothing about it at the time and had no relationship *761 with the company. The $30,000 note was subsequently replaced by three new notes dated February 10, 1967; Exhibit A for $6,000, Exhibit B for $13,000 and an $11,000 note which is not involved in this litigation. Exhibits A and B, which are the basis of this suit, were signed as previously indicated by the company and by Charles and E. D. McMartin individually. No limitation appears on the note as to the liability of defendant E. D. McMartin. In September of 1967, after the three notes came due, the bank prepared three new notes. The company and Charles McMartin signed the renewal notes and the secretary of the company returned the three renewal notes to the bank. The bank teller returned one of the old notes to the secretary but could not at that time locate the other two notes. These two notes which were not returned by the bank are now identified as Exhibits A and B. The bank requested defendant to sign the renewal notes, which he refused to do. In 1968, the bank prepared another note, this time in the amount of $32,000, to replace the three notes with interest due added as principal. This note was signed by the company and Charles McMartin, but defendant refused to sign this note also.
Defendant admitted signing Exhibits A and B, but he claims that he was an accommodation party to the notes, that it was so understood by the bank, and that he was relieved of liability when the bank obtained the subsequent notes which he claims constituted renewal notes.

I.
Defendant contends that the trial court erred in failing to instruct the jury properly on defendant's theory of the case. We agree.
The court rejected defendant's tendered instruction on his theory of defense and instead gave the following instruction:
"`At the time the notes were signed by Defendant, the following state statute of the State of Colorado was in full force and effect:
"Impairment of recourse or of collateral.(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder: (a) Without express reservation of rights releases or agrees not to sue any person against whom the party has, to the knowledge of the holder, a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharge such person.'"
Though this instruction may be a correct statement of the law relative to defendant's defense, C.R.S.1963, XXX-X-XXX(1) (a), there is no interpretation of this highly technical statute in any of the instructions which would aid the jury in applying the law to the facts of the case. It is error not to include sufficient explanatory language in an instruction so that the jury may be able intelligently to interpret its meaning and applicability. See Crosby v. Kroeger, 138 Colo. 55, 330 P.2d 958.
Further, the court erred in that it failed to advise the jury as to the conditions under which it should return a verdict for the defendant. The defendant was entitled to have the jury properly instructed in a concrete manner upon his theory of the case and have conditions stated under which he would be entitled to a verdict. Nielson v. Bowles, 124 Colo. 274, 236 P.2d 286.

II.
We also agree with defendant's second contention that the court erred, under the facts of this case, in instructing the jury that handwritten terms control typewritten terms of an instrument.
The rule that handwritten terms control typewritten terms, as stated in C. R.S.1963, XXX-X-XXX(b), is inapplicable here. That section applies only to terms of the instrument itself and not to extraneous matter appearing on the document. Exhibit A ($6,000 note), when introduced into evidence, contained a bank stamp across the face of it which said "Renewed." *762 If this note had been in fact renewed and if defendant were, as he claimed, an accommodation maker, then defendant would not be liable on this note. However, on the face of the note, next to the bank stamp, appeared the handwritten words, "stamped in error." The bank contended that a bank employee had mistakenly placed the stamp on the note and to rectify the mistake had added the handwritten terms. There was no evidence, however, as to who made the handwritten entry or when it was done. Under these circumstances it was error to instruct the jury that the written words on the note were controlling. It was, in effect, a direction to the jury to disregard the stamped word "Renewed" and was tantamount to a directed verdict on this issue.
We have considered the other errors alleged by defendant and find them to be without merit.
Judgment reversed and cause remanded with direction to grant a new trial.
COYTE and DWYER, JJ., concur.