The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Cheryl L. KWIATKOSKI,
Defendant-Appellant.

No. 82CA0073.

Colorado Court of Appeals,
Div. II.

April 14, 1983.

Rehearing Denied May 26, 1983.

Certiorari Granted Oct. 11, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Donald W. Alperstein, Designated Counsel, Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Cheryl Kwiatkoski, appeals her conviction by a jury of second degree burglary, third degree burglary, and felony theft. Her only contention on appeal is that the trial court committed reversible error in rejecting her tendered instruction on the definition of voluntariness. We affirm.

The prosecution's evidence established that defendant made five written and oral statements in which she confessed to entering her employer's premises and taking money from its safe without authorization. The statements were made to a security consultant who interviewed all employees about the burglaries and theft and to one of defendant's supervisors. In an *in camera* hearing the trial court found that the statements were voluntarily made and denied defendant's motion to suppress them. *See Hunter v. People,* 655 P.2d 374 (Colo.1982). That ruling is not now contested. Defendant testified at trial that she did not commit the offenses but was pressured into confessing to them by threats and promises made by the security consultant.

With respect to the alleged involuntariness of defendant's statements, the jury was instructed as follows:

"The burden is upon the prosecution to prove, beyond a reasonable doubt, that any out-of-court statements made by the Defendant were voluntary. If you believe from all the evidence in this case statements alleged to have been made by the Defendant were not voluntary, or if you entertain a reasonable doubt on this point, you shall disregard the statements entirely."

The jury was instructed also that it was defendant's theory of the case that she did not commit the offenses and that her confessions were not true.

Defendant's tendered instruction defining the word voluntary which the court rejected read:

"Statements are not voluntary if they are extracted by any sort of threats or violence, or obtained by any direct or implied promises, however slight, or by the exertion of any improper influence."

The word "voluntary" is not so unusual or unfamiliar as to require elaboration. The jury was instructed on defendant's theory of the case in plain, understandable English. No more was required. *See People v. Ortega,* 181 Colo. 223, 508 P.2d 784 (1973); *Ogden v. State,* 96 Nev. 258, 607 P.2d 576 (Nev.1980).

Judgment affirmed.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The question of voluntariness of a confession is, for purposes of admissibility, in the first instance, a question of law reserved to the court. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Compton v. People,* 166 Colo. 419, 444 P.2d 263 (1968). Although an instruction defining terms used in an instruction is not always required, the court must define those phrases which have been given a distinctive meaning by law, so that the jury is able to apply the law to the facts of the case. *See Pueblo Bank & Trust Co. v. McMartin,* 31 Colo.App. 546, 506 P.2d 759 (1972).

If the jury thereafter is asked to evaluate the facts and determine whether the People have met their burden of proving the statements were voluntarily made, it is incumbent upon the court to define those principles of law by which the facts will be weighed.

The word "voluntary," as used in the court's instruction, requires further explanation. As the Supreme Court noted in *Schneckloth v. Bustamonte,* 412 U.S. 218, 224, 93 S.Ct. 2041, 2046, 36 L.Ed.2d 854, 861 (1973).

"[The] cases yield no talismanic definition of 'voluntariness,' mechanically applicable to the host of situations where the question has arisen. 'The notion of "voluntariness"' Mr. Justice Frankfurter once wrote, 'is itself an amphibian.' It cannot be taken literally to mean a 'knowing' choice. 'Except where a person is unconscious or drugged or otherwise lacks capacity for conscious choice, all incriminating statements—even those made under brutal treatment—are "voluntary" in the sense of representing a choice of alternatives. . . .' It is thus evident that neither linguistics nor epistemology will provide a ready definition of the meaning of 'voluntariness.'"

The instruction offered by defendant correctly states the law as it applies to the facts of this case. *See Brady v. U.S.,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *People v. Quintana,* 198 Colo. 461, 601 P.2d 350 (1979).

Because the trial court's instructions do not adequately instruct the jury on what, in law, must be considered in determining whether the People have met their burden in establishing that the contested confessions were voluntary, and because this issue was material to defendant's theory of defense, I would reverse the judgment of conviction and remand for a new trial.