MERCANTILE BANK AND TRUST
COMPANY, Appellant,

v.

Peter I. VILKINS, Respondent.

No. WD 34822.

Missouri Court of Appeals,
Western District.

Aug. 14, 1984.

Jack B. Robertson, William G. Beck,
Field, Gentry, Benjamin & Robertson, Kansas City, for appellant.

David A. Taylor, Taylor & Murphy, Kansas City, for respondent.

Before PRITCHARD, P.J., and SOMER-
VILLE and KENNEDY, JJ.

PER CURIAM.

Mercantile Bank and Trust Company (hereinafter payee) originally filed suit against Peter I. Vilkins (hereinafter maker) for the unpaid principal balance and accrued interest, along with costs of collection including reasonable attorney's fees, due and owing under a $33,000.00 promissory note, payable in installments, signed by the maker and naming the bank as payee. The case was ultimately tried to a jury on the limited issue of "costs of collection including reasonable attorney's fees," infra, resulting in a verdict in favor of the maker and against the payee, and the latter has appealed.

Payment of the promissory note was accelerated by the payee, as provided in said note, due to the destruction of certain collateral securing its payment. The promissory note was then turned over to payee's attorney for collection and the instant suit was filed on January 5, 1982. The note also contained the following provision: "If legal action is taken to collect this note the maker agrees to pay all costs of collection including reasonable attorney's fees."

Upon receipt of the proceeds of certain insurance covering the destroyed collateral, maker, on March 4, 1982, went to payee's banking house and paid *in full* all principal and accrued interest owing on said promissory note. An employee of payee thereupon stamped the note "paid" by affixing the following stamp on the face of the note: "MAR 8 1982 PAID MERCANTILE BANK AND TRUST COMPANY KANSAS CITY MO". The note, stamped "paid", remained in the possession of payee and was offered by payee and admitted into evidence during the presentation of payee's case. One of payee's officers testified that "paid" was stamped on the face of the note "in error" by a "commercial loan and discount teller". The maker admitted the authenticity of his signature on the note.

When payee's suit on the promissory note finally went to trial the only amount claimed to be due and owing thereon was $197.29 for "costs of collection including reasonable attorney's fees." Evidence was adduced on behalf of the payee which would have permitted the trier of facts to find that payee incurred $197.29 as "costs of collection" including "attorney's fees", that said amount had been paid to its attorney, and that the portion representing attorney's fees was "reasonable". Unfortunately, the trial at times was so plagued with verbosity regarding inconsequential, peripheral matters that the truly essential issues and obtaining principles governing their submission were frequently obscured.

Both maker and payee, at the close of all the evidence, moved to have their respective pleadings amended "to conform to the evidence in the case", and same were granted by the trial court. Maker's formal answer vis-a-vis the evidence led the trial court, as well as this court, to conclude that maker was affirmatively asserting payment of any and all "costs of collection including reasonable attorney's fees" on the theory that payment in full of all principal and accrued interest on said note was accepted by payee in full payment and discharge of all of maker's obligations under the note, including costs of collection and attorney's fees, as evidenced by payee's acceptance thereof without mention of costs or attorney's fees and stamping the note "paid".

A motion by payee for a directed verdict at the close of all the evidence was overruled by the trial court. In doing so, the trial court attempted to size up the situation by observing that the following constituted salient issues which should be submitted to the jury: (1) the effect of the word "paid" stamped on the face of the note by payee; and (2) the "reasonableness" and "necessity" of the costs of collection and attorney's fees paid by payee.

■ At this juncture it is appropriate to note that cognizance should be taken of the ramifications and effect of the following evidentiary principles. The promissory note in question, introduced and admitted into evidence at the behest of payee, was stamped "paid", thereby raising a presumption of payment. *L.E. Lines Music Co. v. Brittell*, 30 S.W.2d 781, 781 (Mo.App.1930).

However, the presumption of payment was not absolute and merely shifted the burden of going forward to the payee who could rebut the presumption by showing that the note was stamped "paid" by "mistake" or without "authority". *L.E. Lines Music Co. v. Brittell,* supra; and *Household Finance Company, Inc. v. Watson,* 522 S.W.2d 111, 116 (Mo.App.1975). Notwithstanding, the burden of proving payment continued to rest on the maker throughout. *L.E. Lines Music Co. v. Brittell,* supra; and *Household Finance Company, Inc. v. Watson,* supra.

Payee marshalls its argument for appellate relief under three points: (1) error in overruling payee's motion for directed verdict at the close of all the evidence as payee was entitled to judgment as a matter of law by virtue of § 400.3–307(2), RSMo 1978; (2) error in giving Instruction No. 5, denominated herein as payee's verdict-director, which was given by the trial court after a verdict-director offered by payee was rejected; and (3) error in giving Instruction No. 6 tendered by the maker. Specific grounds for attacking the instructions were explicated in the points respectively relied on and will subsequently be set out in greater detail as deemed necessary.

■ Under point one, payee contends the trial court erred in overruling its motion for a directed verdict at the close of all the evidence because payee was entitled to judgment as a matter of law under § 400.-3–307(2), supra. The issue sought to be raised by point one was not preserved for appellate review as it was never raised in payee's motion for directed verdict or in its motion for new trial. *Cunningham v. Hayes,* 463 S.W.2d 555, 562 (Mo.App.1971). See also *East v. Landmark Central Bank & Trust Co.,* 585 S.W.2d 222, 225 (Mo.App. 1979). Therefore, payee's first point will not be considered. Parenthetically, payee's first point erroneously assumes there were no issues of fact regarding "payment" or "reasonableness" of the attorney's fees claimed to be due and owing. See generally *Household Finance Company, Inc. v. Watson,* supra, and *Grandview Bank and Trust Co. v. Midwest Plastering, Inc.,* 633 S.W.2d 259, 261 (Mo.App.1982).

Payee's second point is a multi-faceted attack on Instruction No. 5, prepared and given by the trial court after rejecting a verdict-director prepared and tendered by payee. The controversial instruction reads as follows:

"Your verdict must be for plaintiff if you believe

First, defendant did not pay all costs of collection including reasonable attorney's fees incurred with respect to the $33,-000.00 promissory note, and

Second, because of such failure, defendant's obligation under the terms of said promissory note were not performed, and

Third, plaintiff was thereby damaged, unless you believe that plaintiff is not entitled to recover by reason of Instruction No. 6."

Payee, among other complaints leveled at Instruction No. 5, contends that it shifted the burden of proof regarding payment of "costs of collection including reasonable attorney's fees" from the maker to the payee in clear violation of § 400.3–307(2), supra, and Rule 55.08. Section 400.3–307(2), supra, reads as follows: "(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." The "Uniform Commercial Code Comment" appended thereto, paragraph 2, reads, in part, as follows: "Once signatures are proved or admitted, a holder makes out his case by mere production of the instrument, and is entitled to recover in the absence of any further evidence. The defendant has the burden of establishing any and all defenses, not only in the first instance but by a preponderance of the total evidence. The provision applies only to a holder, as defined in this Act (Section 1–201)." Suffice it to say, payee in the instant case was a "holder" within the meaning of the Uniform Commercial Code. Concomitantly, under Rule 55.08 "payment" is listed as an "affirmative defense".

Neither party has cited any authority, pro or con, which holds or suggests that § 400.3–307(2), supra, inflexibly and without exception, fixes the burden of proving payment of "costs of collection including reasonable attorney's fees" upon a maker even though the amount thereof has never been judicially determined or ascertained. It is unnecessary to resolve any question inherently posed by the aforementioned, and this court expressly refrains from doing so, as maker in the instant case is deemed to have affirmatively asserted payment of all "costs of collection including reasonable attorney's fees" on the basis of payee having stamped the note "paid" upon receipt of payment in full of all principal and accrued interest. In sum, the maker is perceived to have contended by way of an affirmative defense that payee, in stamping the note "paid", accepted payment of all principal and accrued interest in full payment and discharge of all obligations of the maker under the promissory note, including "costs of collection" and "reasonable attorney's fees". In the frame of reference just mentioned, paragraph "First" of Instruction No. 5, from a pragmatic point of view, shifted the burden of proof regarding the affirmative defense of payment asserted by maker, from the maker to the payee, by requiring payee to disprove payment. Doing so cannot be reconciled with the obtaining rule that the burden of proof of an affirmative defense rests upon the one asserting the defense. *Mochar Sales Co. v. Meyer*, 373 S.W.2d 911, 914 (Mo.1963); and *McLeod v. Marion Laboratories, Inc.*, 600 S.W.2d 656, 657 (Mo.App.1980).

As noted in *Murphy v. Land*, 420 S.W.2d 505, 507 (Mo.1967), "[a]ll deviations from the straight and narrow path prescribed in MAI will be *presumed prejudicially erroneous* unless it is made perfectly clear that no prejudice has resulted." (emphasis added). See also: *Aubuchon v. LaPlant*, 435 S.W.2d 648, 652–53 (Mo.1968); and *Higgins v. Gosney*, 435 S.W.2d 653, 660 (Mo.1969). It would be legally incredible to argue or contend that "no prejudice has resulted" to

payee by reason of shifting the burden of proof as to payment from maker to payee.

This court deems it unnecessary to address the remaining infirmities leveled by payee at Instruction No. 5 as both maker and payee are now privy to the authorities and arguments cited and set forth in payee's brief and reoccurrence of any errors associated therewith are unlikely. Moreover, payee's third and final point attacking Instruction No. 6, falls in the same dispositional niche, particularly in view of the dispositional basis of point two.

Judgment reversed and cause remanded for a new trial.