**BANK OF BROOKFIELD–PURDIN, N.A., Plaintiff-Respondent,**

v.

**Kenneth BURNS and Priscilla Burns, husband and wife, and Randy L. Finney and Connie E. Finney, husband and wife, Defendants-Appellants.**

**No. WD 38237.**

Missouri Court of Appeals, Western District.

Dec. 23, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1987.

John F. Arens, Fayetteville, Jackie L. Bailey, Marceline, Mo., for defendants-appellants.

Richard N. Brown, Brookfield, Mo., for plaintiff-respondent.

Before SHANGLER, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

The Bank of Brookfield-Purdin brought an action for payment on promissory notes against Kenneth and Priscilla Burns and Randy L. and Connie E. Finney. The defendants now appeal the trial court's granting of directed verdict in favor of the bank.

Affirmed in part; Dismissed in part.

█ Issues raised in the appellants' brief concern only the Burnses. Inclusion of the Finneys as appellants is improper. A default judgment was entered against the Finneys on August 20, 1985. The Finneys filed no motion to set aside or vacate the default judgment and did not participate in the jury trial held on March 31, 1986. A default judgment cannot be appealed unless the trial court has previously heard a motion to set aside or vacate the judgment. *Barney v. Suggs*, 688 S.W.2d 356, 358 (Mo. banc 1985); *Vonsmith v. Vonsmith*, 666 S.W.2d 424, 424 (Mo. banc 1984), *after retransfer*, 666 S.W.2d 426 (Mo.App.1984). Therefore, the appeal of Randy L. Finney and Connie E. Finney is dismissed.[1]

█ The Burnses raise two points on appeal regarding the directed verdict granted against them at the close of all evidence. Because they failed to file a motion for new trial, the Burnses have not preserved these points for appellate review. An erroneously directed verdict is an error which must be raised in a motion for new

---

1. Counsel for the Burnses filed a notice of appeal listing the Finneys and the Burnses as "appellants." Counsel on filing the brief listed both couples as appellants, yet the brief contains nothing relating to the Finneys.

trial to be preserved for appellate review. *Dixon v. Model Cities Health Corporation of Kansas City,* 651 S.W.2d 498, 499 (Mo. App.1983); Rule 78.07; *see Mercantile Bank and Trust Company v. Vilkins,* 675 S.W.2d 673, 675 (Mo.App.1984). This appeal presents no point entitled to consideration on the merits. The Burnses have not requested plain error review under Rule 84.13(c). However, the court considers, ex gratia, the points raised to determine whether manifest injustice or miscarriage of justice resulted from the trial court's action.

During the course of this jury trial the bank produced two original promissory notes signed by the Burnses and payable to the bank. These notes were admitted into evidence without objection. The bank's president, Richard Lincoln, testified that the bank had demanded payment after maturity of the notes, but had not received total payment. Mr. Lincoln then specified the balance due on each note after subtracting partial payments made pursuant to offset agreements. The Burns' counsel extensively cross-examined Mr. Lincoln on matters concerning his past business dealings with the Burnses; his ownership of stock in the bank; his motivation in calling the notes due; an alleged oral agreement to "roll over" the notes; and the bank's offset procedures. After Mr. Lincoln's testimony, both parties rested and the trial judge granted the bank's motion for directed verdict.

In Point I the Burnses allege that the directed verdict for the bank was erroneous.

■ Directed verdicts are drastic actions. *Delisi v. St. Luke's Episcopal-Presbyterian Hospital, Inc.,* 701 S.W.2d 170, 173 (Mo.App.1985). Parties bearing the burden of proof are generally not entitled to directed verdicts. *Medlock v. Farmers State Bank of Texas County,* 696 S.W.2d 873, 881 (Mo.App.1985). However, a plaintiff is entitled to a directed verdict when it establishes its claim as a matter of law with no factual question remaining for the jury and the defendant fails to establish its alleged affirmative defenses. *Hartford*

*Accident and Indemnity Company v. Farmington Auction, Inc.,* 356 S.W.2d 512, 518 (Mo.App.1962). A verdict may be directed against a defendant when it admits in pleadings, by counsel, or in individual testimony to the truth of the basic facts supporting the plaintiff's claim. *Medlock v. Farmers State Bank of Texas County, supra,* 696 S.W.2d at 881.

■ In a suit on a promissory note, the plaintiff makes a prima facie case by producing the note admittedly signed by the defendant and showing the balance due. *Union Savings Bank v. Cassing,* 691 S.W.2d 513, 515 (Mo.App.1985). The Uniform Commercial Code provides that when signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. Section 400.3–307(2), RSMo Cum.Supp.1984. Each signature on an instrument is admitted unless specifically denied in the pleadings. Section 400.3–307(1). Once signatures are proved or admitted, a holder makes a case by mere production of the instrument, and is entitled to recover in the absence of further evidence. The defendant then has the burden of establishing any and all defenses by a preponderance of the total evidence. *Uniform Commercial Code Comment,* § 400.3–307, 20A V.A.M.S. 602 (1965); *Mercantile Bank and Trust Company v. Vilkens, supra,* 675 S.W.2d at 675.

■ Applying the law to the present case, the bank made a prima facie case and that the Burnses failed to establish any defense. The bank produced at trial the original promissory notes along with testimony that the notes were unpaid. The Burnses admitted their signatures by failing to make a specific denial in their answer. Other than cross-examining the bank's witness, the Burnses presented no evidence at trial. On appeal the Burnses make no attempt to show that they established a defense, but merely maintain that the jury should have determined the weight of the evidence and the credibility of the witness. No jury question remained once the bank made a prima facie case and the

Burnses failed to establish any defense. There is no plain error on Point I.

■ In their second point, the Burnses argue that the bank's motion for directed verdict failed to comply with Rules 55.26 and 72.01(a). The Burnses criticize the bank's motion for being made orally, rather than in writing, and for failing to state the grounds for directed verdict with particularity. Our review of the record and the applicable law reveals that this allegation does not rise to the level of plain error. *See Morton v. Simms,* 263 S.W.2d 435, 442 (Mo.1953); *King v. Clifton,* 648 S.W.2d 193, 196–197 (Mo.App.1983); *Frisella v. Reserve Life Insurance Company of Dallas,* 583 S.W.2d 728, 731–732 (Mo.App. 1979).

■ Advising us that the notes sued on provide for collection costs and attorneys' fees, the bank asks that we assess $2,203.39 for its additional costs in defending this appeal. We deny the bank's request. Expenditures incurred after judgment on a note providing for collection costs and attorneys' fees are not allowed because the cause of action on the note merges into the judgment. *Commerce Bank of St. Louis, N.A. v. Wright,* 645 S.W.2d 17, 22 (Mo.App.1982); *Citizens Bank of Windsor v. Landers,* 570 S.W.2d 756, 764 (Mo.App.1978).

Finding no manifest injustice or miscarriage of justice, the judgment as to Kenneth and Priscilla Burns is affirmed. The appeal of Randy L. and Connie E. Finney is dismissed. All costs assessed against Kenneth and Priscilla Burns.

All concur.